*FILED*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

*2016 APR -3  PM 3: 10*

**LORAINE HEMMINGS,**

    **Plaintiff,**

**v.**

**COMENITY BANK,**

    **Defendant.**

**CASE NO.:**

8:16cv855 T35 TBM

_____/

## COMPLAINT

Plaintiff Loraine Hemmings, by and through undersigned counsel, sues Comenity Bank, and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

1



## PARTIES

4.      Plaintiff Loraine Hemmings ("Ms. Hemmings" or "Plaintiff") is a natural person who resides in Tampa, Florida.  Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

5.      Defendant, Comenity Bank ("Comenity" or "Defendant"), is a Delaware bank, does business in the State of Florida, is a "creditor" under Fla. Stat. § 559.72(5), and is a "person" under Fla. Stat. § 559.72  and  47 U.S.C. § 227.

6.      Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7.      The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8.      Approximately four (4) years prior to the filing of this Complaint, Comenity began telephoning Ms. Hemmings' cell phone in an attempt to collect a debt (the "Alleged Debt") alleged to be owed by a person named "Maria Hunt."

9.    Upon receiving the initial phone call from Comenity, a representative from Comenity asked Ms. Hemmings if they could speak to "Maria Hunt." Ms. Hemmings replied to Comenity's representative by stating that her name was in fact Loraine Hemmings and she had no knowledge of a "Maria Hunt."

10.    Ms. Hemmings did not owe and does not owe any debt to Comenity. However, Comenity called Ms. Hemmings' cell phone and attempted to collect the Alleged Debt.

11.    In the four (4) years prior to the filing of this Complaint, Ms. Hemmings repeatedly instructed Comenity's representatives to stop calling her cell phone and stated that she was not "Maria Hunt," nor was her cell phone a correct number for "Maria Hunt."

12.    Nevertheless, in the four (4) years prior to the filing of this Complaint, Comenity continued to call Ms. Hemmings' cell phone hundreds of times in effort to collect a debt that Ms. Hemmings did not owe.

13.    Comenity telephoned Ms. Hemmings' cell phone, using at least eight (8) different phone numbers to do so.

14.    Comenity called Plaintiff from at least the following telephone numbers:

    614-212-5292
    614-212-5288
    913-312-3217
    614-295-5606
    614-295-5607
    720-456-3688
    303-255-5351
    614-212-5287

15.    Some of the calls from Comenity were either disconnected upon Ms. Hemmings' answer, or involved a beep or delay before a live representative was connected to Ms. Hemmings. These circumstances indicate the use of an automatic telephone dialing system.

16.     Calls were made by Comenity to Ms. Hemmings using an automated telephone dialing system and were made without Ms. Hemmings' express consent.

17.     As detailed below, that conduct constitutes a violation of the FCCPA and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT COMENITY

18.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

19.     Plaintiff re-alleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

20.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

21.     Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

22.     Through its conduct described above, Defendant directly and through its agents violated the above sections of the FCCPA.

23.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

24.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

25.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY COMENITY

26.     This is an action against Comenity for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

27.     Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

28.     Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

31.    Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

32.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

33.    As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34.    Based upon the willful, knowingly, and intentional conduct of Comenity as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: April 8, 2016                      Respectfully Submitted,

CENTRONE & SHRADER, PLLC
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:    (813) 336-0832

BRIAN L. SHRADER, ESQ.
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
GUS M. CENTRONE, ESQ.
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff